```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF ILLINOIS
              EASTERN DIVISION
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 07 CR 410-20 |
| v. | Hon. Harry D. Leinenweber |
| **DAWNYA PARKER,** | |
| Defendant. | |

## O R D E R

Defendant Dawnya Parker has filed a motion for a reduction of her sentence under 18 U.S.C. § 3582(c)(2). (ECF No. 1294). Parker argues that she is entitled to a reduced sentence in light of Amendment 782, in which the Sentencing Commission reduced retroactively its Guideline ranges for quantity-based drug offenses. For the reasons stated below, Parker's motion is denied.

Parker pled guilty to using a telephone in connection with a felony drug offense (Count One), and using a firearm in furtherance of a drug trafficking crime (Count Two). Count One carried a maximum term of imprisonment of 48 months. Count Two carried a mandatory minimum term of imprisonment of five years consecutive to any other sentence and a maximum penalty of life imprisonment. At sentencing, Defendant's base offense level was 32, which was then reduced by 7 levels, resulting in a total combined offense level of 25. The Court also determined that Defendant's prior conduct placed her in Criminal History Category I, resulting in a guideline range of 57 to 71 months. However, because the statutory maximum sentence under Count One was 48 months, the guideline range on that count was 48 months. *See* U.S.S.G. § 5G1.1(a). Defendant was also subject to the mandatory minimum sentence of 60 months on Count Two. Ultimately, the Court sentenced Defendant to 72 months imprisonment — 12 months on Count One and 60 months on Count Two.

Defendant, who has already served her 12-month sentence on Count One, has filed a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines. The Court cannot reduce a sentence that has already been served. Therefore, a motion regarding Defendant's sentence on Count One is moot. Even if Defendant's motion is construed as a request for reduction of her 60-month

1

sentence on Count Two, the Court may only reduce a defendant's sentence based on an amendment to the guidelines if the amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Because Defendant's 60-month sentence on Count Two is a mandatory minimum sentence, Amendment 782 has no effect on the defendant's sentencing range and no reduction of sentence may occur.

For the reasons stated above, the Court denies Parker's motion for reduction of sentence.

**SO ORDERED.**

Dated: September 30, 2015

_____
Harry D. Leinenweber, Judge
United States District Court